*OLIVE TOWNSHIP *v.* MANCHESTER TOWNSHIP. [113

To prevent a pauper obtaining a settlement by twelve months' residence, it is necessary that the overseers of the poor of the township where the pauper may be, should strictly comply with the law, in warning him to depart by warrant, and in returning the warrant to the township clerk, and causing it to be recorded.

This was a motion for a writ of error, adjourned from the county of Morgan.

NYE and PARISH, for plaintiff.

GODDARD and HANNA, for defendant.

LANE, J., stated the case, and delivered the opinion of the court:

The facts, upon which the opinion of the court must be predicated, are these:

Nathan Maltheney and family, in 1833, were settled in the township of Manchester. In the spring of 1833, they removed to the township of Olive. On November 10, 1833, the overseers issued their warrant to the constable, to warn them from the township of Olive, which was served upon the paupers, next day, by reading. The constable indorsed the certificate of his doings on the warrant, but neglected to return it to the clerk of the township; so that no record had been made of it, and it is lost. The question is, whether this constitutes such a warning, under section 4 of the act for the relief of the poor, vol. xxix, 321, as prevented the pauper from acquiring a settlement in the township.

The duty of supporting a pauper is cast upon the township where he resides a year; but this burden may be avoided within the year, if the township officer issue the warrant, serve it, make a certificate of service, return it to the township clerk, and have it entered upon the township records within three days after service is made. The object of this record seems to be, not merely to furnish testimony of the service of the warrant, in which case other evidence is admissible, as to be itself in the nature of a declarative act, by which the pauper may know where to apply for relief, and the township enabled to ascertain the extent of their liability. Viewed in this light, in a case between townships, who stand in equal equity, we deem it expedient and just, to require a plain and obvious compliance with the law from those who seek to avoid the obligation. Motion overruled.